IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT SCOTT MILLER                                                      PLAINTIFF


v.                              CIVIL NO. 25-5167


FRANK BISIGNANO, Commissioner
Social Security Administration                                          DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Robert Scott Miller, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the

Court must determine whether there is substantial evidence in the administrative record to support

the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current application for DIB on February 23, 2022, alleging

an inability to work since August 17, 2021, due to migraines, tension headaches, sensitivity to

noise and light, nausea, vomiting, blind spots, double vision, tinnitus, depression, anxiety,

irritability, concentration issues, severe fatigue, and cervical radiculopathy with several multilevel

stenosis. (Tr. 77, 214). An administrative video hearing was held on May 21, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 31-75).

By written decision dated June 10, 2024, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 15). Specifically, the ALJ found Plaintiff had the following severe impairments: cervical spondylosis and migraines. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 17).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except they can frequently reach overhead with the left upper extremity, occasionally climb ladders, ropes, or scaffolds, can occasionally climb ramps and stairs, balance, stoop, crouch, and crawl, should avoid more than occasional exposure to extreme heat, cold, vibrations, pulmonary irritants such as fumes, odors, dusts, and gases, or a noise intensity level greater than moderate as defined by the Selected Characteristics of Occupations, and can work in a light setting equivalent to an office setting with no strobing lights.

(Tr. 18). With the help of a vocational expert, the ALJ determined Plaintiff could perform his past relevant work as a program manager, a technical publications writer and a production planner. (Tr. 23-24).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on June 6, 2025. (Tr. 1-6).  Subsequently, Plaintiff filed this action.  (ECF No. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation.  (ECF Nos. 14, 17, 18).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

2

## II.    Applicable Law:

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the court must affirm the ALJ's decision.  *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

## III.    Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. *Id*.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required

4

to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id*.

In the present case, the ALJ determined Plaintiff maintained the RFC to perform light work with limitations. (Tr. 18). What is troubling to the undersigned, is the ALJ's failure to adequately discuss Plaintiff's limitations due to his vision impairment. At the administrative hearing held on May 21, 2024, Plaintiff testified that he has palinopsia – explaining that he sees repeated images – particularly from the lights when driving at night; and that he experiences vision loss caused by daily aura symptoms due to his migraines. (Tr. 45-46, 55). A review of the medical evidence revealed Plaintiff was seen by Dr. Craig Brown, an ophthalmologist, on March 25, 2024, for an optic nerve/vascular consult. (Tr. 924-928). Treatment notes indicate Plaintiff has chronic migraines during which he sees gray spots and palinopsia which has worsened over the years. Plaintiff reported that he experienced double vision daily with episodes lasting thirty seconds to ten minutes. On April 26, 2024, after reviewing lab/testing results and examining Plaintiff, Dr. Brown diagnosed Plaintiff with diplopia and a visual field defect of the left eye. (Tr. 920-923). While the ALJ noted this testing, she failed to address these vision limitations when determining Plaintiff's RFC. After reviewing the record, the Court finds remand necessary for the ALJ to more fully and fairly develop the record with respect to Plaintiff's alleged vision impairment for the time period in question. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

The Court is also troubled by the ALJ's evaluation of Plaintiff's primary headache disorder at Step Three of the Sequential Evaluation Process. While there is no listing directly addressing headaches, Social Security Ruling 19-4p states that "Epilepsy (listing 11.02) is the most closely

5

analogous listed impairment for a [medically determinable impairment of] primary headache disorder" and that "[w]hile uncommon, a person with a primary headache disorder may exhibit equivalent signs and limitations to those detailed in listing 11.02 (paragraph B or D for dyscognitive seizures), and we may find that his or her [medically determinable impairment] medically equals the listing." Social Security Ruling SSR 19-4p; Titles II & XVI: Evaluating Cases Involving Primary Headache Disorders, 2019 WL 4169635, at *7 (Aug. 26, 2019).

To evaluate whether a primary headache disorder is equal in severity and duration to the criteria in 11.02B, the ALJ considers "a detailed description from an [acceptable medical source] of a typical headache event, including all associated phenomena (for example, premonitory symptoms, aura, duration, intensity, and accompanying symptoms); the frequency of headache events; adherence to prescribed treatment; side effects of treatment (for example, many medications used for treating a primary headache disorder can produce drowsiness, confusion, or inattention); and limitations in functioning that may be associated with the primary headache disorder or effects of its treatment, such as interference with activity during the day (for example, the need for a darkened and quiet room, having to lie down without moving, a sleep disturbance that affects daytime activities, or other related needs and limitations)." *Id*. On remand, the ALJ is directed to evaluate – specifically the headache forms completed by Dr. Ann-Marie Magre on December 15, 2021, July 20, 2023, and November 7, 2023- and discuss whether Plaintiff's primary headache disorder equals the severity and duration criteria of Listing 11.02 B. (Tr. 483, 901-903).

IV.    **Conclusion:**

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and**

**recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The**

**failure to file timely objections may result in waiver of the right to appeal questions of fact.**

**The parties are reminded that objections must be both timely and specific to trigger de novo**

**review by the district court.**

DATED this 7th day of April 2026.


/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

7